954 F.2d 735
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
KIEWIT NETWORK TECHNOLOGIES, INC., Appellant,
v.
The UNITED STATES, Appellee.
 No. 91-1262.
 United States Court of Appeals, Federal Circuit.
 Jan. 31, 1992.
 
 Before RICH, Circuit Judge, SKELTON, Senior Circuit Judge, and MAYER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 The decision of the General Services Administration Board of Contract Appeals denying the protest of Kiewit Network Technologies, Inc., is affirmed. See 91-1 B.C.A. (CCH) p 23,599 (1990).
 
 OPINION
 
 2
 Kiewit included the following statement in a cover letter accompanying its Best and Final Offer (BAFO): "We have taken the position that, under this contract, we would be considered a retailer of materials to the Federal Government. To that extent, we have not included Florida Sales or Use taxes." The contracting officer construed Kiewit's statement as a condition to its BAFO. Specifically, with the aid of legal counsel, the CO analyzed Kiewit's statement under provisions of the solicitation requiring that an offered price include all applicable taxes, 48 C.F.R. § 52.229-3 (1990), and that acceptance of the solicitation requirements be unconditional (Letter of 8/9/90 from Mabry (CO) to Kiewit). The CO concluded that Kiewit's BAFO was conditional on it being exempt from Florida taxes and that Kiewit would not pay Florida taxes if, in fact, they applied; therefore, Kiewit's BAFO was found nonresponsive. We agree with the board that the CO's decision was reasonable in light of the surrounding facts and GAO precedent. See, e.g., Trail Equipment Co., 82-1 CPD p 366 (1982).
 
 
 3
 The CO also was justifiably concerned that a contract adjustment could be required if Florida taxes were found to apply to the contract. Although the amount of the excluded tax was unclear, the CO was able to conclude that the addition of the tax to Kiewit's BAFO could have altered the ranking of the offerors. Given this, the CO not surprisingly had trouble evaluating the offers on an equal basis. In hindsight, the CO was correct because the potential amount of the excluded tax was greater than the price difference between Kiewit's BAFO and the BAFO of the next lowest bidder, the American Telephone and Telegraph Company. Since the potential impact on the contract if the taxes applied was substantial, any ambiguity in the statement was more than a minor irregularity. Consequently, the CO was not required to seek clarification from Kiewit.
 
 
 4
 Because Kiewit's BAFO was nonresponsive, it has no standing to complain of unequal treatment vis-a-vis AT & T or of AT & T's alleged nonresponsive BAFO. As we said in United States v. International Business Machines Corp., 892 F.2d 1006, 1012 (Fed.Cir.1989):
 
 
 5
 When responsiveness is an issue, it must be resolved before the board can proceed. If a bid is not responsive, the protester has no more right to invoke the office of the board than the proverbial man on the street. A nonresponsive bidder is the epitome of one who lacks a direct economic interest. This is not a mere technicality; it is the predicate for the board's right to intervene in governmental procurements.
 
 
 6
 Thus, Kiewit may not complain of the treatment given AT & T, when it could not have been awarded the contract in any event.